Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Scott D. Simmons; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Pride Acquisitions LLC; Baker Sanders, LLC; Douglas Harry Sanders; and Blatt, Hasenmiller, Leibsker & Moore LLC; | (Jury Trial Demanded) |
| Defendants. | |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

**II. JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises

1 under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies
2 in the Phoenix Division of the District of Arizona as Plaintiff's claims
3 arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff Scott D. Simmons is a resident of Maricopa County, Arizona.
4. Simmons is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Simmons is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Pride Acquisitions, LLC ("Pride") is a Delaware limited liability company.
7. Pride collects or attempts to collect debts owed or asserted to be owed or due another, or debt which it has purchased subsequent to default.
8. Pride is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Defendant Baker Sanders, LLC is a borderless collections law firm domiciled in the State of New York.
10. Baker Sanders collects consumer debts in Arizona through its law partner, Defendant Douglas Harry Sanders.
11. Baker Sanders collects or attempts to collect debts owed or asserted to be owed or due another.
12. Baker Sanders is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. At all times relevant herein, Baker Sanders acted as an agent of Pride in the collection or attempted collection of a debt from Plaintiff.
14. Defendant Douglas Harry Sanders is an attorney with the law firm Baker Sanders.

15. Attorney Sanders is licensed as an attorney by the State Bar of Arizona to practice in the state courts in Arizona.

16. Attorney Sanders collects or attempts to collect debts owed or asserted to be owed or due another.

17. Attorney Sanders is a "debt collector" as that term is defined by FDCPA § 1692a(6).

18. Defendant Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt Hasenmiller") is an Illinois limited liability law firm with offices in Arizona.

19. Blatt Hasenmiller collects or attempts to collect debts owed or asserted to be owed or due another.

20. Blatt Hasenmiller is a "debt collector" as that term is defined by FDCPA § 1692a(6).

21. At all times relevant herein, Blatt Hasenmiller was acting on behalf of, and agent for Defendant Pride.

### IV.  Factual Allegations

22. Sometime prior to 2009, Plaintiff opened a credit card account though Chase Bank, which was used for personal, family or household purposes.

23. Plaintiff subsequently defaulted on his Chase credit card account.

24. After default, Chase allegedly sold or assigned Plaintiff's account to Pride for collections purposes.

25. Pride hired Baker Sanders and attorney Sanders to collect the Chase account from Plaintiff.

26. On July 16, 2013, Defendant Sanders on behalf of Pride filed suit against Plaintiff in the Superior Court of Maricopa County, Arizona to collect or

- 3 -

attempt to collect on the Chase account.

27. Plaintiff answered and defended the lawsuit.

28. In November 2103, Pride and Plaintiff entered into a settlement agreement whereby Plaintiff agreed to pay Pride $10,750.00 in exchange for Pride releasing Plaintiff of any and all liability concerning the Chase account which it was attempting to collect.

29. The settlement agreement provided that once the payment was made by Plaintiff, the parties would file a stipulation with the court to dismiss the lawsuit with prejudice.

30. Attorney Sanders signed the settlement agreement on behalf of, and as agent for Pride on November 25, 2013.

31. Upon information and belief, Pride had previously given Sanders authority to execute the settlement agreement on its behalf.

32. Upon information and belief, Baker Sanders and or Sanders notified Pride that the account with Plaintiff have been settled.

33. Plaintiff paid Pride with a cashier's check sent to Baker Sanders on November 26, 2013.

34. Upon information and belief, upon receipt of Plaintiff's settlement check, Baker Sanders and or Sanders deposited the check in its trust account for the benefit of its client Pride.

35. Upon information and belief, Baker Sanders and or Sanders immediately notified Pride that the account with Plaintiff had been settled and payment received.

36. Three weeks later, on December 18, 2013, Plaintiff's counsel sent a stipulation of dismissal and proposed order to attorney Sanders for

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | signature and approval for filing with the Superior Court.                           |
| 2 | 37. | Defendants have never returned the signed Stipulation.                               |
| 3 | 38. | On or about December 13, 2013, Blatt Hasenmiller sent a collection notice to Plaintiff's counsel concerning Plaintiff's account. (A copy of the Blatt Hasenmiller collection notice is attached hereto as Exhibit A.) |
| 6 | 39. | In the notice, Blatt Hasenmiller stated that the account had been transferred from Baker Sanders to Blatt Hasenmiller. |
| 8 | 40. | In the notice, Blatt Hasenmiller also stated that a balance of $48,753.56 was due and owing. |
| 10 | 41. | In the notice, Blatt Hasenmiller failed to identify the name of the creditor to whom the debt was allegedly owed. |
| 12 | 42. | Upon information and belief, when Pride transferred the account to Blatt Hasenmiller, Pride knew or should have known that the account had been settled. |
| 15 | 43. | Upon information and belief, when Pride transferred the account to Blatt Hasenmiller, Pride knew or should have known that the balance claimed to be due and owing was not $48,753.56. |
| 18 | 44. | Upon information and belief, when Baker Sanders transferred the Pride account to Blatt Hasenmiller on behalf of Pride, Baker Sanders failed to notify Blatt Hasenmiller that the account had been settled. |
| 21 | 45. | Upon information and belief, when Baker Sanders transferred the Pride account to Blatt Hasenmiller on behalf of Pride, Baker Sanders knew or should have known that the balance claimed to be due and owing was not $48,753.56. |
| 25 | 46. | Upon information and belief, when Pride transferred the account to Blatt |

1    Hasenmiller, Pride communicated credit information to Blatt Hasenmiller
2    which it knew or should have known was false.
3  47.  Upon information and belief, when Baker Sanders transferred the Pride
4      account to Blatt Hasenmiller on behalf of Pride, Baker Sanders communi-
5      cated credit information to Blatt Hasenmiller which it knew or should
6      have known was false.
7  48.  As a result of Defendants' actions as outlined above, Plaintiff has suffered
8      damages including, but not limited to, embarrassment, humiliation, fear,
9      anxiety, invasion of privacy, and other emotional distress.
10 49.  Defendants' actions as outlined above were intentional, willful, and in
11     gross or reckless disregard of Plaintiff's rights and part of Defendants'
12     persistent and routine practice of debt collection.
13 50.  In the alternative, Defendants' actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

16 51.  Plaintiff repeats, realleges, and incorporates by reference the foregoing
17     paragraphs.
18 52.  Defendants' violations of the FDCPA include, but are not necessarily
19     limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10),
20     1692f, 1692f(1), and / or 1692g(a).
21 53.  As a direct result and proximate cause of Defendants' actions in violation
22     of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

24   Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)   Actual damages under the FDCPA;

b)   Statutory damages under the FDCPA;

c)   Costs and reasonable attorney's fees pursuant to the FDCPA; and

d)   Such other relief as may be just and proper.

DATED  February 20, 2014 .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff